UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY BULLOCK,

      Plaintiff,

vs.                                          Case No.: 8:06-CV-1170-T-27MSS

KINDRED HOSPITALS EAST, LLC
d/b/a KINDRED HOSPITAL - BAY
AREA - ST. PETERSBURG,

      Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss/Strike Complaint (Dkt. 7), to which Plaintiff has responded in opposition (Dkt. 9). Upon consideration, Defendant's Motion to Dismiss/Strike Complaint is denied.

### Factual Background

Plaintiff, Rodney Bullock, initiated this medical malpractice action against Kindred Hospitals East, LLC ("Kindred") in the Sixth Judicial Circuit in Pinellas County, Florida. (Dkt. 2). Defendant removed the case to this Court on June 22, 2006 based on diversity jurisdiction. (Dkt. 1). Defendant moves to dismiss or strike Plaintiff's Complaint for failure to comply with statutory pre-suit investigation requirements.[1] (Dkt. 7). Defendant has provided with its motion, copies of letters exchanged between counsel regarding Plaintiff's intent to initiate litigation for medical malpractice,

---

[1] The Court evaluates the motion as a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

which the Court considers for the purposes of this motion.[2] (Dkts. 7-2 - 7-12, Exs. A-K). Defendant argues that Plaintiff's notices and supporting affidavits do not sufficiently indicate the manner in which Defendant deviated from the standard of care and fail to give Defendant adequate information and meaningful notice of the merits of Plaintiff's claim. (Dkt. 7). Thus, Defendant argues that Plaintiff failed to comply with the required pre-suit procedure set forth in Chapter 766, Florida Statutes and that the complaint should be dismissed. (Dkt. 7).

In response, Plaintiff alleges that he has complied with the pre-suit procedure set forth in Chapter 766, Florida Statutes and therefore all conditions precedent were met prior to bringing this action. (Dkt. 2, ¶¶ 4, 15). Plaintiff argues that even if there was a failure to comply with the pre-suit procedure delineated in Chapter 766, there is no showing that it resulted in a vague or ambiguous pleading that could not be adequately answered by Defendant. (Dkt. 9). Accordingly, Plaintiff argues that a dismissal is not justified. (Dkt. 9).

### Applicable Standard

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(*citations omitted*); *see also S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a

---

[2] Generally, a motion to dismiss is treated as a motion for summary judgment and disposed of under F.R.C.P. 56 if a matter outside the pleadings is presented to and not excluded by the Court. F.R.C.P. 12(b). However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *D.L. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the documents attached to Defendant's Motion and Plaintiff's Response are central to Plaintiff's claim, and neither party disputes the authenticity of the documents.

motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, conclusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telcomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

Chapter 766 of the Florida Statutes prescribes a specific, detailed presuit investigation process that both plaintiffs and defendants must comply with in prior to the filing of a medical malpractice claim. Fla. Stat. § 766.104 et seq.; *Kukral v. Mekras*, 679 So.2d 278, 280 (Fla. 1996). The purpose of the statute is to force claimants and defendants to "carefully analyze the merits of a particular claim from both a legal and medical perspective before settlement is rejected and suit is filed." *Clark v. Sarasota County Pub. Hosp. Bd.*, 65 F. Supp. 2d 1308, 1310 (M.D. Fla. 1998).

Compliance with the statutory pre-suit investigation process is a condition precedent to bringing a medical malpractice action. *Clark*, 65 F. Supp. 2d at 1310 (citing *Kukral*, 679 So.2d at 283). If a claimant's notice of intent to initiate litigation does not comply with the requirements of Chapter 766, the court may dismiss the claim. Fla. Stat. § 766.206(2). However, the Florida Supreme Court has held that this medical malpractice statutory scheme must be interpreted "liberally so as not to unduly restrict" a potential claimant's access to the courts while still carrying out the "legislative policy of screening out frivolous lawsuits." *Kukral*, 679 So.2d at 284; *Hankey v. Yarian*,

755 So.2d 93, 97 (Fla. 2000). Dismissal of an action for noncompliance with the pre-suit requirements is a harsh sanction which should only be sparingly used and only in extreme situations. *DeCristo v. Columbia Hosp. Palm Beaches, Ltd.*, 896 So.2d 909, 911 (Fla. 4th DCA 2005) (citing *McPherson v. Phillips*, 877 So.2d 755, 758 (Fla. 4th DCA 2004)).[3]

The first step in the pre-suit investigation process is for the claimant to make a reasonable investigation to determine whether there are "grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Fla. Stat. § 766.104(1); *see also* Fla. Stat. § 766.203(2). After completing this pre-suit investigation and prior to filing a claim, the claimant must notify each potential defendant "of intent to initiate litigation for medical malpractice." *Id.* at § 766.106(2). The claimant must corroborate his claim with a verified written medical expert opinion, which must be furnished to each potential defendant with the notice of intent to initiate litigation. *Id.* at § 766.203(2). The notice of intent to initiate litigation and the accompanying medical expert opinion must indicate how the defendant(s) deviated from the standard of care and provide defendant(s) with adequate information to evaluate the merits of the claim. *Watkins v. Rosenthal*, 637 So.2d 993, 994 (Fla. 3d DCA 1994)(citing *Duffy v. Brooker*, 614 So.2d 539, 545 (Fla. 1st DCA), *rev. den'd*, 624 So.2d 267 (Fla. 1993)).

Plaintiff complied with the pre-suit procedures. Plaintiff's Notice of Intent to Initiate Litigation for Medical Malpractice states:

It is our contention that the staff at Kindred deviated from the standard of care in

---

[3] Florida courts have also interpreted the language in Florida Statute § 766.106(3)(a) to mean that a *reasonable* failure to comply with pre-suit requirements does not justify dismissal. *McPherson v. Phillips*, 877 So.2d 755, 758 (Fla. 4th DCA 2004). Because the Court finds no failure to comply with pre-suit requirements, this portion of Plaintiff's argument in opposition to the motion to dismiss is not reached.

> failing to develop and proceed with an appropriate Care Plan to monitor the progression of Rodney Bullock's skin breakdown. It is further our contention that the staff at Kindred failed to perform a daily skin assessment and failed to timely notify Mr. Bullock's physicians of the changes in his skin condition, failed to timely provide skin care, failed to provide adequate nutrition, and failed to assess and implement a program for the prevention and progression of pressure sores. It is also our contention that Kindred failed to timely provide a proper mattress and bedding and failed to turn and position Mr. Bullock timely and appropriately to prevent pressure sores and the progression of pressure sores. As a result of this treatment, Mr. Bullock was discharged with multiple decubitus ulcers.
>
> It is our contention that your treatment of Rodney Bullock deviated from the standard of care and that deviation resulted in injuries to him.

(Dkt. 7-7, Ex. F). Accompanying this Notice of Intent was the Affidavit of Richard M. Goldfarb, MD, FACS, which provides:

> That based upon my review of the records, by my education, training and experience, it is my opinion that Kindred Hospital of St. Petersburg (date of service 12/8/03 - 3/8/04) by its staff, employees and management companies, deviated from the standard of care in the treatment of RODNEY BULLOCK. The following deviations occurred, but not limited to: not adequately treating a superficial pressure sore (even though the staff documented this early stage pressure sore on 12/9/03 with a photograph); failure to apply any topical dressings to this area until it worsened on 12/18/03 (lost window of opportunity to prevent the eventual long downhill course of a severely infected ulcer); failure to turn the patient (not only to take pressure off the area, but not visualizing the area to monitor the superficial pressure sore); failure to provide an adequate and appropriate size bed and type of mattress; failure to provide information of this pressure sore to the attending medical staff. This is a preventable condition with standard of care treatment in any qualified health care facility.

(Dkt. 7-7, Ex. F).

Taken together, the Notice and the medical expert opinion sufficiently indicate how Defendant deviated from the standard of care and give Defendant adequate information on which to evaluate the merits of Plaintiff's claims. *See Watkins*, 637 So.2d at 994. Although Defendant argues that Plaintiff failed to specify the exact time, location, and employees responsible for the alleged negligent acts, Defendant cites no authority requiring such specificity. Plaintiff's Notice and

accompanying medical expert opinion therefore satisfy and comply with the pre-suit requirements in Chapter 766, Florida Statutes.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss/Strike Complaint (Dkt. 7) is **DENIED**.

**DONE AND ORDERED** in chambers this 12th day of September, 2006.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record